1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA**

10       **SOUTHERN DIVISION**

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC. | Case No. 8:16-cv-0730-CJC-GJS |
| | **[DISCOVERY MATTER]** |
| Plaintiffs, | **PROTECTIVE ORDER ENTERED ON STIPULATION OF THE PARTIES[1]** |
| v. | ***SEE CHANGES MADE BY THE COURT (UNDERLINED AND ITALICIZED)*** |
| EDWARDS LIFESCIENCES CORPORATION, | |
| Defendant. | |

20       Pursuant to Federal Rule of Evidence 26(c) and to facilitate the production and

21   receipt of information in discovery in this action, Plaintiffs Boston Scientific

22   Corporation and Boston Scientific Scimed, Inc. (collectively, "Boston Scientific")

23   and Defendant Edwards Lifesciences Corporation ("Edwards") have agreed and

24   stipulated, through their respective counsel, to the entry of an order for the protection

25   of trade secret, proprietary, and other confidential research, development, financial,

26
27   _____
28

business, or commercial information that may be produced or otherwise disclosed by them during the course of this action.

Upon consideration of the record and proceedings herein, the parties hereby stipulate to the following terms:

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than those specifically set forth in this Order may be warranted.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.     GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  The *parties stipulate that* disclosure of this information would cause competitive harm to the parties.  For example, *the parties believe that* competitors will gain an unfair advantage if they learn the parties' Protected Material, such as financial information, accounting information, customer lists, vendor lists,

1   costs or profits structure, sales information, product lines, business and marketing

2   strategy or information about operations.  Accordingly, to expedite the flow of

3   information, to facilitate the prompt resolution of disputes over confidentiality of

4   discovery materials, to adequately protect information the parties are entitled to keep

5   confidential, to ensure that the parties are permitted reasonable necessary uses of such

6   material in preparation for and in the conduct of trial, to address their handling at the

7   end of the litigation, and serve the ends of justice, a protective order for such

8   information is justified in this matter.  It is the intent of the parties that information

9   will not be designated as confidential for tactical reasons and that nothing be so

10  designated without a good faith belief that it has been maintained in a confidential,

11  non-public manner, and there is good cause why it should not be part of the public

12  record of this case.

13  **3.      ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

14          The parties further acknowledge, as set forth in Section 15.3, below, that this

15  Stipulated Protective Order does not entitle them to file confidential information

16  under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and

17  the standards that will be applied when a party seeks permission from the court to file

18  material under seal.

19          There is a strong presumption that the public has a right of access to judicial

20  proceedings and records in civil cases.  In connection with non-dispositive motions,

21  good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

22  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

23  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*,

24  187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good

25  cause showing), and a specific showing of good cause or compelling reasons with

26  proper evidentiary support and legal justification, must be made with respect to

27  Protected Material that a party seeks to file under seal.  The parties' mere designation

28  of Disclosure or Discovery Material as Protected Material does not—without the

submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 4.  DEFINITIONS

4.1  <u>Delaware Action</u>:  *Boston Scientific Corporation v. Edwards Lifesciences Corporation*, No. 16-275-SLR (D. Del.).

4.2  <u>Delaware Party</u>: a party to the Delaware Action.

4.3  <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

4.4  <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.5     Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

4.6     Designated In-House Counsel:  In-House Counsel who seek access to "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter who have responsibility for maintaining, defending, or evaluating this action, including their administrative and support staff, designated pursuant to Paragraph 9.3(b).

4.7     In-House Counsel:  attorneys who are employees of a party to this action.  In-House Counsel does not include Outside Counsel.

4.8     Designating Party:  a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.9     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated for purposes of litigation in this matter, including documents, data and information, answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits, expert reports, any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings.

4.10    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action or the Delaware Action, (2) is not a current employee of a Party or a Delaware Party and (3) at the time of retention, is not anticipated to become an employee of a Party, a Party's competitor, a Delaware Party, or a Delaware Party's competitor.

4.11    <u>"HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" or</u> <u>"HIGHLY CONFIDENTIAL" Information or Items</u>:  Extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  It includes, without limitation, (1) highly sensitive settlement and/or licensing agreements (including drafts thereof) that are subject to a third-party confidentiality agreement requiring Attorneys' Eyes Only designation; (2) highly sensitive corporate strategy data; (3) highly sensitive product information containing information not available to competitors or the public concerning present products, anticipated products or products in development; (4) pending but unpublished patent applications; and (5) other highly confidential technical, research and development, and financial information.  Materials or information designated as "HIGHLY CONFIDENTIAL" will be treated the same as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the provisions of this Protective Order and vice versa.

4.12    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.13    <u>Outside Counsel (without qualifier)</u>:  attorneys and their support staff who are not employees of a party to this action or the Delaware Action and who (i) have appeared in this action or the Delaware Action on behalf of such party or (ii) are employed with a law firm which has appeared on behalf of that party.

4.14    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.15    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

4.16    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing and reviewing

discovery material, exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.17   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.18   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**5.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including information that has become part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

*The Parties have agreed that they are contractually bound by the obligations to which they have stipulated as set forth in this this Protective Order in perpetuity.* **_However, any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial._**

**6.     DURATION**

*Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order **that is used or introduced as an exhibit at trial** becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.*

5.     With the exception set forth above for material used at trial, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  *For purposes of terms of this agreement that are triggered by "Final Disposition" of the action (see below),* "Final disposition" shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including expiration of the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**7.     DESIGNATING PROTECTED MATERIAL**

7.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or

1    oral or written communications that qualify – so that other portions of the material,

2    documents, items, or communications for which protection is not warranted are not

3    swept unjustifiably within the ambit of this Order.

4         Mass, indiscriminate or routinized designations are prohibited.  Designations

5    that are shown to be clearly unjustified or that have been made for an improper

6    purpose (e.g., to unnecessarily encumber the case development process or to impose

7    unnecessary expenses and burdens on other parties) may expose the Designating

8    Party to sanctions.

9         If it comes to a Designating Party's attention that information or items that it

10   has designated for protection do not qualify for any protection or do not qualify for

11   the level of protection initially asserted, that Designating Party must promptly notify

12   all other parties that it is withdrawing or altering the mistaken designation.

13        7.2    Manner and Timing of Designations.  Except as otherwise provided in

14   this Order (*see, e.g.*, second paragraph of section 7.2(a) below), or as otherwise

15   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

16   under this Order must be clearly so designated before the material is disclosed or

17   produced.

18        Designation in conformity with this Order requires:

19        (a)    for information in documentary form (*e.g.*, paper or electronic

20   documents, but excluding transcripts of depositions or other pretrial or trial

21   proceedings), that the Producing Party affix the legend "CONFIDENTIAL,"

22   "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS'

23   EYES ONLY" to each page of the document that contains protected material.

24        A Party or Non-Party that makes original documents or materials available for

25   inspection need not designate them for protection until after the inspecting Party has

26   indicated which material it would like copied and produced.  During the inspection

27   and before the designation, all of the material made available for inspection shall be

28   deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the

1   inspecting Party has identified the documents that it wishes to have copied and

2   produced, the Producing Party must determine which documents, or portions thereof,

3   qualify for protection under this Order.  Then, before producing the specified

4   documents, the Producing Party must affix the appropriate legend

5   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES

6   ONLY") to each page of the document that contains Protected Material.

7         (b)    for transcripts of depositions or other pretrial or trial proceedings,

8   at the request of any party, the original and all copies of any transcript, in whole or in

9   part, shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

10  ATTORNEYS' EYES ONLY" by the court reporter.  This request may be made

11  orally during the proceeding or in writing within fifteen (15) days of the proceeding.

12  Deposition transcripts shall be treated by default as "HIGHLY CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY" until the expiration of the time to make a

14  confidentiality designation. Any portions so designated shall thereafter be treated in

15  accordance with the terms of this Order.

16      Transcripts containing Protected Material shall have an obvious legend with the

17  appropriate designation on the title page and every subsequent page that the transcript

18  contains Protected Material.  If only portions of a transcript are designated as

19  Protected Material, then the title page shall be followed by a list of all pages

20  (including line numbers as appropriate) that have been designated as Protected

21  Material and the level of protection being asserted by the Designating Party.  The

22  Designating Party shall inform the court reporter of these requirements.

23        (c)    for information produced in some form other than documentary

24  and for any other tangible items, that the Producing Party affix in a prominent place

25  on the exterior of the container or containers in which the information or item is

26  stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

27  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL."  If only a portion

28  or portions of the information or item warrant protection, the Producing Party, to the

extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

7.3   <u>Failures to Designate</u>.  A failure to designate qualified information or items, whether by inadvertence or otherwise, does not, standing alone, waive in whole or in part the Designating Party's right to secure protection under this Order for such material.  Upon subsequent correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with any revised designations under the provisions of this Order and promptly collect any copies of the material that have been provided to individuals other than those authorized under Paragraph 9 of this Order.  The Designating Party may also request the individuals to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**8.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

8.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of

service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

8.3    <u>Judicial Intervention</u>.  Subject to Paragraph 8.2, the Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**9.    ACCESS TO AND USE OF PROTECTED MATERIAL**

9.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, the Delaware Action, or any inter partes review ("IPR") proceeding involving a patent asserted in this litigation or the Delaware Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 16 below (FINAL DISPOSITION).

1       Protected Material must be stored and maintained by a Receiving Party at a

2 location and in a secure manner that ensures that access is limited to the persons

3 authorized under this Order.

4       9.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

5 otherwise ordered by the court or permitted in writing by the Designating Party, a

6 Receiving Party may disclose any information or item designated

7 "CONFIDENTIAL" only to:

8         (a)    the Receiving Party's Outside Counsel of Record; as well as

9 employees of said Outside Counsel of Record to whom it is reasonably necessary to

10 disclose the information for this litigation;

11         (b)    the officers, directors, and employees (including In-House

12 Counsel) for the Receiving Party (1) to whom disclosure is reasonably necessary for

13 this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be

14 Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph

15 9.4(a)(1) below have been followed;

16         (c)    Experts (as defined in this Order) of the Receiving Party (1) to

17 whom disclosure is reasonably necessary for purposes of this litigation, (2) who have

18 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to

19 whom the procedures set forth in paragraph 9.4(a)(1) below have been followed;

20         (d)    the court and its personnel;

21         (e)    court reporters and their staff, including stenographic,

22 videographic, and clerical personnel;

23         (f)    professional jury or trial consultants and mock jurors who have

24 signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), which does

25 not need to be disclosed to the Designating Party unless the Court for good cause

26 orders otherwise;

27         (g)    Professional Vendors to whom disclosure is reasonably necessary

28 for this litigation and who have signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

(h)     during their depositions or in court proceedings, witnesses in this action, provided that (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (2) such documents or information were produced by or obtained from such persons or their employer; and

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

9.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record; as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     The following Designated In-House Counsel, upon signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A):

Peter Gafner;

Todd Messal;

Aimee Weisner;

Ryan Lindsey; and

Any other Designated In-House Counsel on which the parties

agree;

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of this litigation, (2) who have signed the

"Acknowledgment and Agreement to Be Bound," Exhibit A, and (3) as to whom the procedures set forth in paragraph 9.4(a)(2), below, have been followed.

        (d)    the Court and its personnel;

        (e)    court reporters and their staff, including stenographic, videographic, and clerical personnel;

        (f)    professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

        (g)    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

        (h)    during their depositions or in court proceedings, witnesses in the action, provided that (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (2) such documents or information were produced by or obtained from such persons or their employer; and

        (i)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    9.4    <u>Procedures for Approving or Objecting to Disclosure of Protected Material to officers, directors, and employees of a Receiving Party, or Experts.</u>

        (a)(1)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to any officers, directors, or employees of the Receiving Party or Expert any information or item that has been designated "CONFIDENTIAL" pursuant to paragraph 9.2(b) or 9.2(c) first must provide the Designating Party with written notice that (1) includes the proposed recipient's signed "Acknowledgement  and Agreement to Be Bound" (Exhibit A), (2)

sets forth the full name of the proposed recipient and the city and state of his or her primary residence, and (3) describes the proposed recipient's current and reasonably foreseeable job responsibilities. For purposes of clarity, all requests for disclosures to any proposed recipient under this paragraph are subject to Paragraphs 9.4(b) and (c).

(a)(2)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" pursuant to paragraph 9.3(c) first must provide the Designating Party with a written notice that includes (1) the Expert's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), (2) sets forth the full name of the proposed recipient and the city and state of his or her primary residence; (3) attaches a copy of the proposed recipient's current resume; (4) identifies the proposed recipient's current employer(s); (5) identifies each person or entity from whom the proposed recipient has received compensation or funding for work in his or her areas of expertise or to whom the proposed recipient has provided professional services, including in connection with litigation, at any time during the preceding five years;[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  For purposes of clarity, all requests for disclosures to any proposed recipient under this paragraph are subject to Paragraphs 9.4(b) and (c).

(b)  A Party that makes a request and provides the information specified in the preceding respective paragraphs, Paragraphs 9.4(a)(1) and (2), may disclose the

---

[2]      If the proposed recipient believes any of this information is subject to a confidentiality obligation to a third party, then the proposed recipient should provide whatever information the proposed recipient believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the proposed recipient shall be available to meet and confer with the Designating Party regarding any such engagement.

1   subject Protected Material to the identified person after 5 business days from the time

2   it delivered the request unless, within 5 business days of delivering the request, the

3   Party receives a written objection from the Designating Party.  Any such objection

4   must set forth in detail the grounds on which it is based and must be made for good

5   cause. Failure to object within five (5) business days shall constitute approval.  The

6   Parties specifically reserve the right to object to the disclosure of Protected Material

7   to a proposed Expert should the proposed Expert be employed by the objecting

8   Party's competitor.

9          (c)  A Party that receives a timely written objection must meet and

10  confer with the Designating Party (through direct voice-to-voice dialogue) to try to

11  resolve the matter by agreement within seven (7) business days of the written

12  objection.  If no agreement is reached, the Party seeking to make the disclosure may

13  file a motion seeking permission from the court to do so.

14       In any such proceeding, the Party opposing disclosure to the identified officers,

15  directors, and employees of a Receiving Party, Designated In-House Counsel, or

16  Expert shall bear the burden of proving that the risk of harm that the disclosure would

17  entail (under the safeguards proposed) outweighs the Receiving Party's need to

18  disclose the Protected Material to its Expert.

19       9.5    Related Foreign Actions.  At the time the parties submit this stipulation,

20  they dispute whether foreign attorneys should be allowed access to Protected

21  Material, and they have briefed that dispute in the Delaware Action.  For consistency

22  and efficiency reasons, the parties agree to follow in this case the terms of the ruling

23  in the Delaware Action.  Therefore, foreign attorneys will not be allowed access to

24  Protected Material unless, and until, the court in the Delaware Action resolves the

25  dispute to allow foreign counsel access to Protected Material.  At that point, the

26  parties shall follow the rules set forth in the Delaware Action regarding providing

27  Protected Material to foreign attorneys.  The rules shall be modified as necessary to

28  apply the Order to this case (e.g., references from the Delaware court to Exhibit A of

the Protective Order shall mean Exhibit A to this Protective Order; references to the Court shall mean this Court).  The parties shall also file a stipulation with this Court adding a provision to this Order that more specifically describes the rules to allow foreign attorneys access to Protected Material.  Subject to the terms above, the parties may provide Protected Material to foreign attorneys between the time the Delaware court issues an order allowing such access and the time this Court enters any stipulation submitted by the parties concerning the issue.

9.6    <u>Unified Production of Documents</u>.  For the sake of efficiency, the Parties agree to a common deposit and unified production of documents in this action and the Delaware Action.  Upon the effective date of the stipulation to this Protective Order in this action, Outside Counsel of Record may have access to all documents and things produced in the Delaware or California Actions, as well as to any trial transcripts, trial exhibits, deposition transcripts, deposition exhibits, expert reports and briefs filed or served in the Delaware or California actions and use such materials in either the Delaware or California Actions.

Each party agrees that the production of any documents under this paragraph is not an admission of relevance or admissibility for any given action.  Each Party reserves the right to argue that any document produced under this paragraph and any trial transcript, trial exhibit, deposition transcript, deposition exhibit, expert report and/or brief filed or served in the Delaware Action is not relevant or admissible to this action.  Each party agrees not to use this agreement to deem any documents produced under this paragraph, or any trial transcripts, trial exhibits, deposition transcripts, deposition exhibits, expert reports and briefs filed or served in the Delaware Action, as evidence of the relevance or admissibility of any such document or the relatedness of any legal issues in the Delaware Action with this action.

9.7    <u>Re-Production of Document Productions from Other Actions.</u>  For the sake of efficiency, the Parties agree that document productions from other actions may be produced in this action without the need for separate re-collection and

1   processing of those documents.  Such documents will be treated in accordance with

2   the provisions of this Protective Order as if they had been collected and produced for

3   this action.  Nothing in this provision, however, should be construed as excusing the

4   Parties from their respective obligations to perform a reasonable search in connection

5   with this litigation.

6   **10.   PROSECUTION BAR**

7        Absent written consent from the Producing Party or an order by the Court,

8   every person who receives, or in the case of Outside Counsel of Record who receives

9   and reviews, Prosecution Bar Information is precluded from performing, or providing

10  (verbally or in tangible form, in whole or in part) such Protected Material received

11  under this Order to any person involved in performing, the following tasks: drafting,

12  prosecuting, or supervising or providing advice regarding the drafting or prosecution,

13  of any patent applications with the United States Patent and Trademark Office

14  ("USPTO") or any similar proceedings in any other country, involving any patent or

15  patent application having claims or disclosures related to transcatheter replacement

16  heart valves and methods and devices for the delivery thereof.  This preclusion is

17  limited to proceedings involving patents and patent applications having an effective

18  filing date before this action, during this action, or within two (2) years after the final

19  termination of this action.  For purposes of clarity, "prosecution" does not include

20  reexamination, reissue, interference proceedings, or equivalent proceedings (e.g.,

21  post-grant review, inter partes review) and any similar proceedings in any other

22  country, except that all persons who receive, or in the case of Outside Counsel of

23  Record who receives and reviews, Prosecution Bar Information are prohibited from

24  performing, or providing (verbally or in tangible form, in whole or in part) such

25  Protected Material received under this Order to any person involved in performing,

26  the following tasks: drafting, or supervising or providing advice regarding drafting,

27  new or amended claims in any such proceedings.  This Paragraph does not apply to

28  any In-House Counsel designated under Paragraph 9.2(b) who is only provided

access to "CONFIDENTIAL" information of an opposing party.  This Prosecution Bar shall begin when access to Prosecution Bar Information is first received by the affected individual, or in the case of Outside Counsel of Record first received and reviewed, and shall end two (2) years after final termination of this action. For purposes of this paragraph, Prosecution Bar Information is information that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" under this Order, except that Prosecution Bar Information does not include financial information.

This prohibition shall not prevent Edwards's Outside Counsel of Record or Designated In-House Counsel from supervising or providing advice regarding the drafting or prosecution of any patent application that claims priority to any of U.S. Patent No. 8,579,964, provisional application No. 61/414,879 filed on Nov. 17, 2010, provisional application No. 61/393,860 filed on Oct. 15, 2010, or provisional application No. 61/331,799 filed on May 5, 2010.

## 11.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a discovery request, subpoena, or a court order from another litigation that compels disclosure of any information or items designated in this action as Protected Material, that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the discovery request, subpoena, or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 12.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as Protected Material.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    Both Parties shall be treated as a Receiving Party with respect to any information produced by a Non-Party in this action.  To the extent that a Party obtains information from a Non-Party via subpoena or otherwise, the Party shall produce the information to the other Party within 5 business days, unless the Party can demonstrate good reason why it is not possible to do so.

(c)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession (other than information produced in this litigation by a Non-Party), and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

1        2.      promptly provide the Non-Party with a copy of the Stipulated

2  Protective Order in this litigation, the relevant discovery request(s), and a reasonably

3  specific description of the information requested; and

4        3.      make the information requested available for inspection by the

5  Non-Party.

6       (d)     If the Non-Party fails to object or seek a protective order from the Court

7  within fourteen (14) days of receiving the notice and accompanying information, the

8  Receiving Party may produce the Non-Party's confidential information responsive to

9  the discovery request.  If the Non-Party timely seeks a protective order, the Receiving

10  Party shall not produce any information in its possession or control that is subject to

11  the confidentiality agreement with the Non-Party before a determination by the court.

12  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

13  of seeking protection in this court of its Protected Material.

14  **13.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16  Protected Material to any person or in any circumstance not authorized under this

17  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

18  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

19  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

20  persons to whom unauthorized disclosures were made of all the terms of this Order,

21  and (d) request such person or persons to execute the "Acknowledgment and

22  Agreement to Be Bound" that is attached hereto as Exhibit A.

23  **14.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED**

24  **MATERIAL**

25       When a Producing Party gives notice to Receiving Parties that certain

26  inadvertently produced material is subject to a claim of privilege or other protection,

27  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

28  Procedure 26(b)(5)(B).  In accordance with Federal Rule of Evidence 502(d), the

1    attorney-client privilege or work-product protection is not waived as a result of the

2    disclosure of information in connection with this litigation through inadvertence or

3    error.  Such production of documents or information subject to attorney-client

4    privilege, work-product immunity, or any other applicable privilege shall not

5    constitute a waiver of, nor a prejudice to, any claim that such or related material is

6    Protected Material, privileged or protected by the work-product immunity or any

7    other applicable privilege, provided that the Producing Party notifies the Receiving

8    Party in writing promptly upon discovery of such information.  Within five (5)

9    business days of receiving such notice, the Receiving Party shall return such

10   information or documents or confirm in writing that it has taken reasonable steps to

11   permanently delete all electronic copies of such documents from electronic records

12   and to destroy all paper copies.  If the Receiving Party has disclosed the information

13   to others before being notified of the claim of privilege or protection, the Receiving

14   Party must take reasonable steps to retrieve and return or destroy the disclosed

15   information.  No use shall be made of such documents or information during

16   deposition or at trial, nor shall such documents or information be shown to anyone

17   after the request that they be returned.  The Receiving Party may move the court for

18   an order compelling production of such information (based on information

19   independent of the content of the allegedly privileged materials in question), but the

20   motion shall not assert as a ground for production the fact or circumstances of the

21   inadvertent production.  If a claim is disputed, the Receiving Party shall not use or

22   disclose a document or information for which a claim of privilege or immunity is

23   made pursuant to this paragraph for any purpose until the matter is resolved by

24   agreement of the parties or by a decision of this Court.  If a party becomes aware that

25   it has received documents that are clearly privileged, the party receiving the

26   privileged documents will promptly notify the Producing Party of receipt of the

27   documents and return or destroy all copies of the privileged documents, if the

28   Producing Party so requests within 10 days after being advised of the inadvertent

1    production.  If the Producing Party does not request return or destruction of the

2    identified privileged documents within this 10 day time period, the Producing Party

3    will be deemed to have waived the privilege, but only with respect to the specific

4    documents identified.

5    **15.    MISCELLANEOUS**

6        15.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

7    person to seek its modification by the Court in the future.

8        15.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

9    Protective Order, no Party waives any right it otherwise would have to object to

10   disclosing or producing any information or item on any ground not addressed in this

11   Stipulated Protective Order.  Similarly, no Party waives any right to object on any

12   ground to the use in evidence of any of the material covered by this Protective Order.

13       15.3  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

14   Protected Material must comply with Local Civil Rule 79-5.  Protected Material may

15   only be filed under seal pursuant to a court order authorizing the sealing of the

16   specific Protected Material at issue.  If a Party's request to file Protected Material

17   under seal is denied by the court, then the Receiving Party may file the information in

18   the public record unless otherwise instructed by the court.

19   **16.    FINAL DISPOSITION**

20       Within sixty (60) days after the latest of any final disposition, as defined in

21   Section 6, of this action, the Delaware Action, or any IPR proceeding involving a

22   patent asserted in this litigation or the Delaware Action, each Receiving Party must

23   return all Protected Material to the Producing Party or destroy such material.  As used

24   in this subdivision, "all Protected Material" includes all copies, abstracts,

25   compilations, summaries, and any other format reproducing or capturing any of the

26   Protected Material.  Whether the Protected Material is returned or destroyed, the

27   Receiving Party must submit a written certification to the Producing Party (and, if not

28   the same person or entity, to the Designating Party) by the 60-day deadline that (1)

identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and associated exhibits, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    Dated:  December 22, 2016          By: /s/ *Wallace Wu (with permission)*
                                             Wallace Wu (State Bar No. 220110)
3                                            wallace.wu@aporter.com
                                             Marty Koresawa (State Bar No. 291967)
4                                            marty.koresawa@aporter.com
                                             Allen Secretov (State Bar No. 301655)
5                                            allen.secretov@aporter.com
                                             ARNOLD & PORTER LLP
6                                            777 South Figueroa Street
                                             Los Angeles, California 90017
7                                            Tel: (213) 243-4000
                                             Fax: (213) 243-4199
8
9                                            Matthew Wolf (*pro hac vice*)
                                             matthew.wolf@aporter.com
10                                           Edward Han (*pro hac vice*)
                                             ed.han@aporter.com
11                                           John Nilsson (*pro hac vice*)
                                             john.nilsson@aporter.com
12                                           Marc Cohn (*pro hac vice*)
                                             marc.cohn@aporter.com
13                                           ARNOLD & PORTER LLP
                                             601 Massachusetts Ave, NW
14                                           Washington, DC 20001
                                             Tel: (202) 942-5000
15                                           Fax: (202) 942-5999

16                                           *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  December 22, 2016          By:   /s/ Brian C. Horne

John B. Sganga, Jr. (SBN 116,211)
john.sganga@knobbe.com
Craig S. Summers (SBN 108,688)
craig.summers@knobbe.com
Christy G. Lea (SBN 212,060)
christy.lea@knobbe.com
Joshua J. Stowell (SBN 246,916)
joshua.stowell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Brian C. Horne (SBN 205,621)
brian.horne@knobbe.com
10100 Santa Monica Blvd. Suite 1600
Los Angeles, CA 90067
Telephone: 310-551-3450

*Attorneys for Defendant*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:  January 3, 2017


_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

UNDERTAKING OF _____

I, _____, declare that:

      1.     My business address is _____.

      2.     My present occupation (including job title) is

_____.

      3.     I am currently employed by _____

_____.

      4.     My past and present business relationships with the party retaining my services include:

_____.

      5.     I have received a copy of the Protective Order in *Boston Scientific Corporation v. Edwards Lifesciences Corporation*, Case No. 8:16-cv-0730-CJC-GJS, and have carefully read and understand its provisions.

      6.     I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit, any information designated under the Protective Order, except as expressly permitted in the Protective Order.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

      7.     I agree to take reasonable steps to return or destroy and certify destruction of all materials designated under the Protective Order which come into my possession, and documents or  things which I have prepared relating thereto, to

counsel for the party for whom I was employed or  retained.  I will do this immediately upon receiving a request from the counsel for the party for whom  I was employed or retained or, in any event, by no later than thirty days after I have been notified  that litigation between the parties has ended.

8.      I accept full responsibility for taking measures to ensure that staff members working  under my supervision comply with the terms of this Protective Order.

9.      I hereby submit to the jurisdiction of and agree to appear before the United States District Court for the Central District of California for the purpose of enforcement of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

DATE:_____      SIGNATURE:_____